UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES CLARENCE DAILEY,<br><br>                  Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                  Defendant. | Case No. 3:14-cv-5691-KLS<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of the defendant Commissioner's denial of his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, the Commissioner's decision to deny benefits is AFFIRMED.

FACTUAL AND PROCEDURAL HISTORY

On November 3, 2008, Plaintiff protectively filed applications for DIB and SSI, alleging disability as of April 1, 2006, due to problems with his legs and knees, depression, and cognitive

ORDER - 1

problems. See Administrative Record ("AR") 249-61, 356, 361, 382, 385. His applications were denied upon initial administrative review and on reconsideration. See AR 150-65, 169-78. A hearing was held before an administrative law judge ("ALJ") on September 23, 2010, at which Plaintiff, represented by counsel, appeared and testified, as did Plaintiff's family friend and a vocational expert. See AR 52-87.

On October 5, 2010, the ALJ issued a decision finding Plaintiff not disabled. See AR 110-23. The Appeals Council granted Plaintiff's request for review, and vacated the ALJ's decision and remanded the case to the ALJ for further proceedings. AR 130-34. The ALJ held a second administrative hearing on February 4, 2013, and subsequently issued another decision finding Plaintiff not disabled on February 15, 2013. AR 27-44, 89-98. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on June 25, 2014, making the ALJ's second decision the Commissioner's final decision. See AR 1-7; see also 20 C.F.R. §§ 404.981, 416.1481.

On August 30, 2014, Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See ECF ## 1, 3. The administrative record was filed with the Court on November 10, 2014. See ECF ## 13, 14. The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to the Commissioner for a finding of disability, or further proceedings in the alternative, because the ALJ erred: (1) in evaluating the medical evidence in the record; and (2) in discounting Plaintiff's credibility. For the reasons set forth below, the Court disagrees that the ALJ erred in finding Plaintiff to be not disabled, and therefore affirms the Commissioner's decision.

ORDER - 2

DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld by the Court if the "proper legal standards" have been applied and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Comm'r of Social Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." (citing Brawner v. Sec'y of Health & Human Servs., 839 F.2d 432, 433 (9th Cir. 1987))).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("'Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.'" (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971))).[1]

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must

ORDER - 3

I. <u>The ALJ's Evaluation of the Medical Evidence in the Record</u>

Plaintiff argues that the ALJ erred in discounting opinions provided by examining psychologists Maxine Hoggan, Psy.D., and Michael Brown, Ph.D.  The Court will address each disputed opinion in turn.

A. *Legal Standards for Review of Medical Opinion Evidence*

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. <u>See</u> <u>Reddick v. Chater</u>, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. <u>Sample v. Schweiker</u>, 694 F.2d 639, 642 (9th Cir. 1982).  In such cases, "the ALJ's conclusion must be upheld." <u>Morgan v. Comm'r of Social Sec. Admin.</u>, 169 F.3d 595, 601 (9th Cir. 1999).  Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." <u>Id.</u> at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." <u>Reddick</u>, 157 F.3d at 725.  The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." <u>Id.</u>  The ALJ also may draw inferences "logically flowing from the evidence." <u>Sample</u>, 694 F.2d at 642.  Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." <u>Magallanes v. Bowen</u>, 881 F.2d 747, 755, (9th Cir. 1989).

---

      scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are
      rational.  If they are . . . they must be upheld.

<u>Sorenson</u>, 514 F.2d at 1119 n.10.

ORDER - 4

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

B.   *Dr. Hoggan's Opinion*

Dr. Hoggan performed a psychological examination in September 2010, and opined that Plaintiff has marked limitations in his ability to maintain concentration, persistence, and pace, and in maintaining social functioning. AR 670-77. She also opined that Plaintiff had an organic mental disorder caused by a traumatic brain injury in connection with a 1988 car accident, and that as a result of that disorder any change in his environment would be expected to produce decompensation. AR 677. Dr. Hoggan opined that Plaintiff met Listing 12.02, satisfying the "paragraph C" criteria. AR 678-90.

The ALJ discounted Dr. Hoggan's opinion as inconsistent with (1) objective medical evidence; (2) Plaintiff's daily activities (including living independently, completing self-care activities, preparing food, cleaning his home, managing his medications, and tracking his finances); and (3) Dr. Hoggan's own findings. AR 39-40. The ALJ also noted that Dr. Hoggan was not able to review the consultative psychological examiner's findings, and also did not review the medical record, which fails to establish a 1988 traumatic brain injury. Id. The ALJ

ORDER - 5

further found that Dr. Hoggan had not been able to review Plaintiff's earnings records, showing that he earned more after 1988 than he had before. Id.

Plaintiff argues that the ALJ erred in discounting Dr. Hoggan's based on inconsistencies between her opinion and the remainder of the record, because Dr. Hoggan's opinion was based on her own independent testing, and thus other evidence — such as medical records related to Plaintiff's 1988 car accident, or the findings of an earlier psychological examination — would be irrelevant. Dkt. 16 at 6-7. This argument is misplaced, because inconsistency with the record is a legitimate reason to discount a provider's opinion. Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008). Indeed, the regulations direct ALJs to consider whether a medical opinion is consistent with the remainder of the record. See 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."). Plaintiff underwent a psychological evaluation with Wendy J. Biss, Ph.D., in February 2009, which also included independent, objective testing, and Dr. Biss's test results indicated that Plaintiff did not have any cognitive limitations, specifically none of the memory limitations that Dr. Hoggan identified. AR 546-51. Dr. Biss also indicated that her testing revealed that Plaintiff may have been overreporting his symptoms. AR 549. The inconsistencies between Dr. Hoggan's opinion and Dr. Biss's opinion are therefore relevant and the ALJ properly relied upon them to discount Dr. Hoggan's opinion.

C.   *Dr. Brown's Opinion*

Dr. Brown examined Plaintiff in April and June 2009. AR 583-86, 592-95. In the April opinion, Dr. Brown indicated that Plaintiff's cognitive and social limitations were mild or moderate. AR 585. In the June opinion, Dr. Brown stated that Plaintiff had a marked limitation in his ability to respond appropriately to and tolerate the pressures and expectations of a normal

work setting.  AR 594.  The ALJ gave limited weight to Dr. Brown's June opinion because it followed so closely after the April opinion and yet did not explain why he found Plaintiff to be more severely impaired after the second examination.  AR 40.  The ALJ also found that the marked limitation identified by Dr. Brown in June was inconsistent with Plaintiff's treatment record, because Plaintiff had not been engaged in counseling for a long period of time and addressed his depression primarily with medication.  AR 40.

Plaintiff argues that Dr. Brown's findings explain the difference between the two opinions, because Plaintiff's condition had deteriorated between April and June.  ECF # 16 at 8.  Dr. Brown's findings do not bear this out, however.  Many portions of Dr. Brown's opinions are nearly identical. Compare AR 583-85 with AR 592-94.  Plaintiff contends that the Commissioner does not acknowledge "manifest deterioration" (Dkt. 20 at 4), but no such deterioration is evident.  For example, Plaintiff states that he was "much worse" in June, because he had dysphoric mood, and was irritable, rambling, verbose and tangential.  ECF # 20 at 4 (citing AR 594).  But in April, Dr. Brown described Plaintiff as having a dysphoric mood, and being rambling, verbose, and tangential.  AR 584.  No part of the June opinion mentions or suggests deterioration since April, and yet Dr. Brown indicated more severe impairment as to one social category.  The ALJ did not err in rejecting Dr. Brown's second opinion as unexplained.  20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3) ("The better an explanation a source provides for an opinion, the more weight we will give that opinion.").

II.     The ALJ's Assessment of Plaintiff's Credibility

The ALJ found that although Plaintiff reported disabling knee pain, his allegations were not credible because his knee condition had improved with treatment (including surgery and physical therapy) and did not preclude sedentary work.  AR 33-35.  Plaintiff argues that the

ORDER - 7

ALJ's credibility determination is erroneous because it does not address the credibility of every allegation made by Plaintiff, specifically the non-exertional knee pain and its effect on his ability to sleep that were noted by his treating physician, as well as the credibility of limitations identified by Dr. Hoggan. ECF # 16 at 9-10. This argument purports to challenge the ALJ's adverse credibility determination, yet focuses on statements provided by medical providers. ECF # 16 at 10. Furthermore, Plaintiff does not address any of the reasons that the ALJ provided for discounting his credibility of his subjective statements, namely inconsistent medical advice, inconsistent daily activities, lack of motivation to work, criminal history, failure to comply with treatment recommendations, and attempts to work. AR 34-38.

Plaintiff has cited no authority holding that an ALJ must assess the credibility of every statement made by Plaintiff, and the Court is not aware of any such authority. Instead, ALJs assess a claimant's credibility as an overall quality. See, e.g., Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) ("An ALJ's finding that a claimant generally lacked credibility is a permissible basis to reject excess pain testimony."). The "ordinary techniques of credibility evaluation" include factors such as the claimant's reputation for lying and the claimant's prior inconsistent statements, which suggest that credibility is to be assessed as an overall quality of a claimant, rather than as to the claimant's individual statements. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996).

Because Plaintiff has failed to identify (or even specifically allege) an error in the ALJ's adverse credibility determination, the ALJ's findings in this regard are affirmed.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, the Commissioner's decision to deny benefits is

ORDER - 8

1  AFFIRMED.

2      DATED this 1st day of April, 2015.

 

                                              Karen L. Strombom
                                              United States Magistrate Judge

ORDER - 9